IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RODOLFO ARTAP, a.k.a. RUDY ARTAP, et al.,<br><br>Defendants. | Case No.: 11-cv-1842 PJH (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. No. 68)** |

In this civil action, Plaintiff Great American Insurance Company, Inc., moves for Final Default Judgment against Defendants Antonio Boleche, Ian Colvin, Jeremy Ferrer, Jerry Kahue, James Salceda, Vichai Do, Luis Tobar Marquez and Emmanuel Valdez, seeking default judgment, damages and costs. This motion was referred to the undersigned Judge for a report and recommendation. The deadline for opposing the motion has passed, see Civ. L.R. 7-3(a), and the Defaulted Defendants have not filed an opposition nor otherwise communicated with the Court. Having reviewed the papers submitted in support of Plaintiff's

request for default judgment and the relevant legal authority, the Court hereby orders Plaintiff to submit additional briefing in support of its motion for default judgment.

**BACKGROUND**

Plaintiff Great American Insurance Company, Inc., ("Great American") brought this civil action against the following Defendants: Rodolfo Artap, a.k.a. Rudy Artap, Antonio Boleche, Ian Colvin, Carlos Corobado, Jeremy Ferrer, Steven Hagen, Jerry Kahue, James Salceda, David Siharath, Vichai So, Luis Tobar Marquez, Emmanuel Valdez (collectively "the Employee Defendants"); and Vinh Nguyen, d.b.a. Kim Tin Jewelry, and Pleasant Hill Coin & Jewelry, alleging that these Defendants participated in a scheme to steal gold from Bei Sensors & Systems Company, Inc., ("Bei"), who was insured by Plaintiff Great American.[1]  Plaintiff alleged the following violations (1) unjust enrichment, (2) fraud, (3) conversion, (4) breach of contract, (5) money had and received, (6) equitable subrogation, (7) equitable indemnity.  (Dkt. No. 1, ¶¶ 30-63).

Eight of the Employee Defendants, Antonio Boleche, Ian Colvin, Jeremy Ferrer, Jerry Kahue, James Salceda, Vichai So, Luis Tobar Marquez, and Emmanuel Valdez ("Defaulted Defendants"), failed to file a responsive pleading or otherwise appear and the clerk entered their default pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. Nos. 27, 39, 45, 65). Plaintiff now moves for default judgment against the Defaulted Defendants asking that they be held jointly and severally liable for $7,750,000 in damages and $3,480.21 in costs based on the following violations: (1) unjust enrichment, (2) fraud, (3) conversion, (4) breach of contract, (5) money had and received, (6) equitable subrogation, (7) equitable indemnity, (8) breach of duty of loyalty, and (9) conspiracy.

---

[1] Great American actually insured Bei's parent corporation, Schneider Electric Holdings, Inc., under Crime Protection Policy, No. SAA 517-77-45-03.  On or about October 30, 2008, Bei submitted a proof of loss pertaining to the gold theft to Plaintiff Great American.  Plaintiff and Bei subsequently entered into a settlement agreement whereby Plaintiff indemnified Bei $7,750,000 for its loss and Bei assigned all of its claims, demands, causes of action and suits related to the gold theft to Plaintiff.  See BEI Sensors & Systems Company, Inc. v. Great American Insurance Company, N.D. Cal. No. 09-5819-SBA.

## DISCUSSION

After entry of default, a court may grant default judgment on the merits of the case. See Fed. R. Civ. P. 55. The factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citations omitted). A court should consider the following factors in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has not addressed the Eitel factors at all in the motion for default judgment. Plaintiff's supplemental brief shall address the Eitel factors. See Alan Neuman Productions, Inc., v. Albright, 862 F.2d 1388, 1392 (discussing the legal sufficiency of the allegations contained in the complaint necessary for entry of default judgment). Plaintiff also seeks default on two claims, conspiracy and breach of the duty of loyalty, which are not contained in the Complaint.

Further, Plaintiff has not addressed the fact that in this multi-defendant action seeking joint and several liability, it only seeks default judgment with respect to some of the Defendants. In Frow v. De La Vega, 82 U.S. 552 (1872), the Supreme Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). Courts take varying views on Frow's injunction against entering default

judgments while claims remain pending against other defendants.  See <u>Shanghai Automation Instrument Co., Ltd. v. Kuei</u>, 194 F.Supp.2d 995, 1008 (N.D. Cal. 2001) (discussing the various approaches courts have taken in these cases).  Plaintiff shall address this issue and explain why the Court should enter judgment at this time.

Plaintiff shall serve a copy of this Order on Defendants within three days and shall file a proof of service with this Court.

Accordingly, Plaintiff shall file a supplemental brief addressing these issues by January 6, 2011.  The hearing on Plaintiff's Motion for Default Judgment is reset to January 20, 2011 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated:  December 8, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE